IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Raymond Angel,　　　　　　　　　) | Civ. No. 10-00240 HG-LEK |
| 　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　vs.　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| BAC Home Loan Servicing, LP,　) | |
| FKA Countrywide Home Loans　　) | |
| Servicing, LP, and DOES 1　　) | |
| through 20,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　) | |

**ORDER GRANTING DEFENDANT BAC HOME LOAN SERVICING, LP'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff filed a nine-count First Amended Complaint asserting various claims in connection with a mortgage loan transaction. Defendant moves to dismiss the entirety of the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Motion (Doc. 19) is **GRANTED** with leave to amend in part.

**PROCEDURAL HISTORY**

On August 5, 2010, Plaintiff filed a First Amended Complaint. (Doc. 18).

On August 23, 2010, Defendant filed a Motion To Dismiss the First Amended Complaint. (Doc. 19).

On September 7, 2010, Plaintiff filed an Opposition. (Doc. 21).

On September 21, 2010, Defendant filed a Reply. (Doc. 23).

1

On October 19, 2010, a hearing on the Motion to Dismiss was held.

**BACKGROUND**

Plaintiff alleges that on March 26, 2008, he entered into a mortgage loan agreement with "Defendant [BAC Home Loan Servicing, LP, FKA Countrywide Home Loans Servicing, LP] and/or Doe Defendants." (First Amended Complaint at ¶¶ 12-13 (Doc. 18).) Although not alleged in the First Amended Complaint, in his Opposition to Defendant BAC Home Loan Servicing, LP's ("Defendant") Motion to Dismiss, Plaintiff concedes that Defendant is an assignee of the security interest created by that agreement, rather than the originating lender. (Doc. 21 at pp. 6-7).  According to Defendant, non-party Countrywide Bank, FSB is the originating lender. (Motion to Dismiss at p. 10 (Doc. 19).)

Plaintiff alleges that a loan application was prepared on his behalf (Plaintiff does not state by whom), stating that his income was $18,700 per month. (First Amended Complaint at ¶ 15 (Doc. 18).) Plaintiff claims he was unaware the application indicated his income was $18,700, and no person verified with him that it was correct. (First Amended Complaint at ¶ 15 (Doc. 18).) Plaintiff does not allege, in the First Amended Complaint, that his income was stated incorrectly. In his Opposition to the Motion to Dismiss, however, Plaintiff claims that $18,700 per month "far exceeds Plaintiff's total income" (using present tense). (Doc. 21 at p. 6).

2

Plaintiff sets forth a laundry list of other wrongs allegedly committed by Defendant ("and/or DOE Defendants") in connection with the loan transaction.  Plaintiff alleges, for example, that Defendant ("and/or Doe Defendants") failed to provide him with "signed and dated" copies of several documents, such as a "Notice of Right to Cancel" and a uniform settlement statement. (First Amended Complaint at ¶¶ 17, 24 (Doc. 18).)  Plaintiff alleges Defendant ("and/or DOE Defendants") also failed to adequately disclose various features of the loan, such as the interest-only payment and that Plaintiff could choose a property/hazard insurance provider. (First Amended Complaint at ¶¶ 20-21 (Doc. 18).)

Plaintiff claims that Defendant now seeks to enforce the mortgage loan agreement and foreclose on the property. (First Amended Complaint at ¶ 28 (Doc. 18).)

## STANDARD OF REVIEW

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all

3

reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).   Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699.   The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007).   The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009).   The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**ANALYSIS**

Plaintiff asserts the following claims in connection with the loan transaction:

**Counts I and II**: violations of the Truth in Lending Act (failure to make certain disclosures and failure to effect a rescission of the loan);

**Count III**: violations of the Real Estate Settlement Procedures Act (failure to provide certain documents and charging excessive closing costs and fees);

**Count IV**: unfair or deceptive acts or practices in violation of H.R.S. § 480-2;

**Count V**: fraud;

**Count VI**: civil conspiracy to commit fraud;

**Count VII**: aiding and abetting others in wrongful acts injuring Plaintiff;

**Count VIII**: Defendant lacks standing to initiate foreclosure proceedings, entitling Plaintiff to an injunction preventing Defendant from attempting to foreclose; and

**Count IX**: fraudulent concealment.

Plaintiff seeks a rescission of the loan, a "recoupment" in the amount of either $2000 or $4000,[1] actual and statutory damages, an injunction barring Defendant from seeking a non-judicial sale of the property, a declaration that every "agreement relating to the loan transaction" is void and unenforceable, and attorneys' fees and costs.

**Counts I and II: Truth in Lending Act Claims**

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"),[2] was enacted to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of

---

[1] In the section of the First Amended Complaint on the recoupment claim, Plaintiff states that the recoupment amount requested is $2000. (Doc. 18 at ¶ 46). In the concluding section of the First Amended Complaint, however, Plaintiff states that the recoupment amount requested is "at least $4000." (Doc. 18 at 21, ¶ a).

[2] TILA is implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1, *et seq.* Yamamoto v. Bank of New York, 329 F.3d 1167, 1169 (9th Cir. 2003).

credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). TILA requires creditors to make various disclosures, and allows consumers to seek damages for violations of the disclosure requirements under certain circumstances. See 15 U.S.C. § 1638; Rosenfeld v. JP Morgan Chase, 2010 WL 3155808, at *8 (N.D. Cal. 2010); In re Ferrell, 539 F.3d 1186, 1190 (9th Cir. 2008). TILA also provides borrowers with the right to rescind certain mortgage loan transactions for up to three years following consummation for disclosure requirement violations. See 15 U.S.C. § 1638; 12 C.F.R. § 226.23(a); Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003).

Plaintiff claims Defendant violated TILA by failing to provide Plaintiff with completely signed and dated copies of the "Notice of Right to Cancel" and by failing to "allow rescission." (First Amended Complaint at ¶¶ 37, 48 (Doc. 18).) Plaintiff seeks a "recoupment" of either $2000 or $4000 (offset against money owed), a rescission of the loan, and damages.

Defendant argues: (1) the claim for damages resulting from failure to allow rescission fails because Plaintiff does not allege that he ever made a written request for rescission; (2) the claim for damages resulting from TILA violations during loan consummation fails because it is time-barred; (3) the recoupment claim fails because recoupment is a defense rather than an affirmative claim;

and (4) the rescission claim fails because Plaintiff has failed to allege he is able to repay the principal balance of the loan. These arguments are considered in succession.

A. **Claim For Damages (Count II) Based On Failure To Allow Rescission Fails Because Plaintiff Does Not Allege He Ever Made A Written Request For Rescission**

Plaintiff seeks damages for Defendant's failure to "allow rescission." (First Amended Complaint at ¶ 48 (Doc. 18).)  To exercise the right to rescission under TILA, a debtor must "notify the creditor of the rescission by mail, telegram or other means of written communication." 12 C.F.R. § 226.23(a)(2).  To state a claim for damages flowing from a failure to allow rescission, one must allege that a written request for rescission was submitted. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) (explaining that a borrower "did not provide the [lender] with notice of cancellation within the three-year statutory period, so the [lender] could not have wrongly refused Miguel's request to cancel.")

Plaintiff fails to state a claim for damages flowing from a failure to allow rescission because Plaintiff does not allege he ever made a written request for rescission.  Defendant's Motion to dismiss the claim for damages flowing from failure to allow rescission (part of Count II) is **GRANTED.**  Plaintiff is given leave to file a second amended complaint if he is able to assert a claim that includes an allegation that he made a written request for

rescission.

**B.   Claim For Damages (Count II) Based On TILA Violations Occurring At Loan Consummation Is Time-Barred**

Claims for damages under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); <u>Consumer Solutions REO, LLC v. Hillery</u>, 658 F.Supp.2d 1002, 1007 (N.D. Cal. 2009). Plaintiff does not dispute that the one-year time period has run, but argues that equitable tolling based on fraudulent concealment preserves his claim.

The equitable tolling doctrine preserves other-wise time-barred TILA claims where the Plaintiff's failure to file a timely lawsuit is based on excusable ignorance. <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). Fraudulent concealment, also termed "equitable estoppel," tolls the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." <u>Guerrero v. Gates</u>, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted). Where equitable tolling is based on fraudulent concealment (i.e., equitable estoppel), the conduct constituting fraudulent concealment must be plead with the particularity required by Federal Rule of Civil Procedure 9(b). <u>Id</u>; <u>see also Stejic v. Aurora Loan Services, LLC</u>, 2009 WL 4730734, at *4 (D. Ariz. 2009). To meet the pleading standard required by Rule 9(b), a plaintiff "must state the time, place and specific content of the false

representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988) (internal citation omitted).

The allegation underlying Plaintiff's fraudulent concealment claim is far too vague to meet this standard.   Plaintiff's fraudulent concealment claim is based solely on an allegation that "Defendant BAC and/or DOE Defendants fraudulently misrepresented the terms of Plaintiff's loan and mortgage pursuant to allegations contained in . . . [the previous counts of the First Amended Complaint]." (First Amended Complaint at ¶ 96 (Doc. 18).) Plaintiff does not state the party who misrepresented the terms of the loan, what terms were misrepresented, or when and how the misrepresentation occurred.

The fraudulent concealment claim is also premised on the very same TILA violations for which Plaintiff seeks damages.[3]  It is well established that a TILA plaintiff cannot invoke TILA violations to equitably toll claims based on the same violations. See, e.g., Williams v. Saxon Mortg. Services, Inc., 2007 WL

---

[3] Although not alleged in the First Amended Complaint, in the Opposition to the Motion to Dismiss Plaintiff argues that the fact that his income was overstated on his loan application without his knowledge constitutes fraudulent concealment. Plaintiff does not explain why his income being overstated would prevent him from knowing of Defendant's alleged TILA violations or otherwise excuse his failure to file a timely lawsuit.  The alleged overstatement of Plaintiff's income on his loan application bears no relation to Plaintiff's failure to file a timely lawsuit based on the alleged TILA violations, and is not a ground for equitable tolling.

2828752, at *4 (S.D. Ala. 2007) ("Under this prodigious line of precedents, a TILA plaintiff who attempts to avail himself of equitable tolling must establish some fraudulent conduct or concealment other than the mere nondisclosure in the loan documents that constitutes the TILA violation itself.").

Because Plaintiff fails to sufficiently plead fraudulent concealment or other grounds for equitable tolling of the statute of limitations, the Motion to Dismiss the TILA damages claim (part of Count II) is **GRANTED.**

Because Plaintiff's failure to sufficiently plead grounds for equitable tolling of the statute of limitations could conceivably be cured by amendment, Plaintiff is given leave to file a second amended complaint to properly assert a claim for damages under TILA if adequate grounds for the claim exist.

### C.   Recoupment Claim (Count I) Fails Because Recoupment Is A Defense And Not An Affirmative Claim

Section 1640(e) of TILA allows borrowers to seek a recoupment or set-off of damages sustained from TILA violations against money owed to the lender, but "only as a 'defense' in an 'action to collect a debt.'" Ortiz v. Accredited Home Lenders, Inc., 639 F.Supp.2d 1159, 1164 (S.D. Cal. 2009). Plaintiff argues that the recoupment claim is being asserted as a defense to a non-judicial foreclosure sale. Non-judicial foreclosures are not "actions" for which recoupment can be asserted as a defense pursuant to TILA. See

15 U.S.C. 1640(e); Ortiz, 639 F.Supp.2d at 1164; Amaro v. Option One Mortg. Corp., 2009 WL 103303, at *3 (C.D. Cal. 2009) ("Plaintiff's affirmative use of the [recoupment] claim is improper and exceeds the scope of the TILA exception, permitting recoupment as a defensive claim only."); Crittenden v. HomeQ Servicing, 2009 WL 3162247, at *5 (E.D. Cal. 2009).  Defendant's Motion to Dismiss the recoupment claim (part of Count I) is **GRANTED.**  Because leave to amend the recoupment claim would be futile, it is **DISMISSED WITH PREJUDICE.**

### D.    Rescission Claim (Count I) Fails Because Plaintiff Does Not Allege Ability To Repay The Loan

A rescission of a mortgage loan pursuant to TILA is intended to "restore the parties to the status quo ante." Sipe v. Countrywide Bank, 690 F.Supp.2d 1141, 1150 (E.D. Cal. 2010). Borrowers seeking to rescind a loan pursuant to TILA are accordingly required to return to the lender any money or property received under the loan agreement. 15 U.S.C. § 1635(b); see also Yamamoto, 329 F.3d at 1173.  Courts have discretion to condition rescission on tender or a showing of an ability to repay. See Yamamoto, 329 F.3d at 1173.

With these considerations in mind, numerous district courts have ruled that a rescission claim must be supported by an allegation that the borrower has the ability to repay the loan. See Adams v. Mortg. Network, Inc., 2010 WL 3069227, at *1 (S.D. Cal.

2010)(citing various cases).   Plaintiff argues, correctly, that other district courts have reached the opposite conclusion.   In Agustin v. PNC Fin. Servs. Group, 707 F.Supp.2d 1080, 1090 (D. Haw. 2010), for example, Judge Mollway denied a motion to dismiss a TILA rescission claim for failure to allege ability to repay.   While noting that districts courts are split on the issue, Judge Mollway reasoned that "TILA itself contains no such requirement." Id.

Although there is a split, it appears that the overwhelming majority of courts have concluded that a TILA plaintiff must allege ability to repay to state a rescission claim. See Garcia v. Wachovia Mortg. Corp., 676 F.Supp.2d 895, 901 (C.D. Cal. 2009) ("By far, the majority of Courts to address the issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA."); Adams, 2010 WL 3069227, at *1 ("The case law, which is now voluminous given the recent torrent of cases, is firmly on the side of [requiring plaintiffs to allege ability to repay to state a claim for rescission].").

The Court is persuaded that the majority approach is correct. To obtain rescission, plaintiffs are ultimately required to tender the loan proceeds. 15 U.S.C. § 1635(b); Yamamoto, 329 F.3d at 1173. Given this requirement, it would only waste time and resources to allow a TILA rescission claim to proceed beyond the motion to dismiss stage if a plaintiff cannot allege an ability to repay the

13

loan.  As one court reasoned, "It makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." <u>Valdez v. America's Wholesale Lender</u>, 2009 WL 5114305, at *5 (N.D. Cal. 2009).

Because Plaintiff fails to allege an ability to repay, Defendant's Motion to Dismiss the TILA rescission claim (part of Count I) is **GRANTED.**  Plaintiff is given leave to file a second amended complaint to allege ability to repay if Plaintiff has such ability.

**Count III: Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), is a "consumer-protection statute promoting the flow of 'greater and more timely information' between mortgage creditors and debtors." <u>In re Herrera</u>, 422 B.R. 698, 711 (9th Cir. 2010).  Plaintiff claims Defendant violated RESPA by failing to provide Plaintiff with a signed "Good Faith Estimate" and a uniform settlement statement as required by 12 U.S.C §§ 2603, 2604 ("Sections 2603 and 2604"), and by charging excessive closing costs and fees in violation of 12 U.S.C. § 2607 ("Section 2607").  Defendant argues: (1) Sections 2603 and 2604 do not provide private causes of action, and (2) the claim under Section 2607 fails to state a claim because Section 2607 does not prohibit excessive

charges, and it is barred by the statute of limitations.   These arguments are considered in turn.

### A.   There Is No Private Cause of Action For Violations Of Sections 2603 and 2604

Section 2604(c) of RESPA requires mortgage lenders to provide borrowers with a booklet containing a good faith estimate of the amount or range of charges for settlement services.   Section 2603(b) requires a person conducting a settlement to make a "uniform settlement statement" available to the borrower at or before settlement.   It is well-settled that there is no private cause of action for violations of these sections. See <u>Martinez v.</u> <u>Wells Fargo Home Mortg., Inc.</u>, 598 F.3d 549, 557 (9th Cir. 2010); <u>Collins v. FMHA-USFA</u>, 105 F.3d 1366, 1368 (11th Cir. 1997). Defendant's Motion to Dismiss the claims for violations of Sections 2603 and 2604 (part of Count III) is **GRANTED.**   Because leave to amend would be futile, the claims under Sections 2603 and 2604 of RESPA are **DISMISSED WITH PREJUDICE.**

### B.   The Claim Under Section 2607 Fails To State A Claim Because Section 2607 Does Not Prohibit Excessive Charges, And It Is Time-Barred

Plaintiff claims Defendant violated Section 2607(b) by charging "excessive" closing costs and fees. (First Amended Complaint at ¶ 55 (Doc. 18).) Section 2607(b) prohibits "the practice of giving or accepting money where no service whatsoever is performed in exchange for that money." <u>Martinez</u>, 598 F.3d at

553.   Plaintiff's excessive charges claim fails because Section 2607 does not prohibit excessive fees. Id. at 554 (Section 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed.")

The excessive charges claim also fails because it is time-barred.  Claims brought under Section 2607 are subject to a one-year statute of limitations. 12 U.S.C. § 2614.  Plaintiff does not dispute that the one-year time period has run, but argues that equitable tolling preserves the claim.  Plaintiff provides no grounds for equitable tolling other than those previously discussed regarding his TILA damages claims.  For the same reasons discussed above, Plaintiff fails to sufficiently allege grounds for equitable tolling.

Defendant's Motion to Dismiss Plaintiff's excessive charges claim under Section 2607 of RESPA (part of Count II) is **GRANTED.** Because leave to amend would be futile, the claim is **DISMISSED WITH PREJUDICE.**

**Count IV: Unfair or Deceptive Acts and Practices**

Plaintiff claims Defendant ("and/or DOE Defendants) engaged in unfair or deceptive acts and practices ("UDAPs") in violation of HRS §§ 480-2(a), 481A-3.  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."  Plaintiff

alleges Defendant ("and/or DOE Defendants") violated these statutes by:

(1) targeting financially unsophisticated and vulnerable consumers for inappropriate credit products;

(2) failing to adequately disclose the true costs and risks of the loan;

(3) making a loan that resulted in "little net economic benefit" to Plaintiff with the "primary objective of general fees;"

(4) making the loan without regard to Plaintiff's ability to repay;

(5) failing to verify Plaintiff's income;

(6) failing to provide Plaintiff with a good faith estimate;

(7) attempting to deprive Plaintiff of his right to cancel the loan.

Defendant argues it cannot be liable for the first six of these alleged acts because they allegedly occurred during the consummation of the loan and Defendant was not the originating lender.  Defendant argues the seventh allegation fails to support an UDAP claim because it contains insufficient factual detail to meet the pleading standard required by Federal Rule of Civil Procedure 8.  These arguments are considered in turn.

## A.    Defendant Is Not Liable For Acts Committed By the Originating Lender

Plaintiff does not dispute that the first six of the alleged

17

UDAP's were committed by the originating lender and not by Defendant.  Plaintiff argues, without citation to any authority, that Defendant is liable for UDAPs committed by the originating lender because Defendant is an assignee.  HRS § 481A-3 does not attach liability merely because one is an assignee. Araki v. One West Bank, No. CV-10-00103, slip op. at 272 (D. Haw. Sept. 9, 2010); see also Melton v. Family First Morg. Corp., 576 S.E.2d 365, 369 (N.C. App. 2003).  To the extent Plaintiff's UDAP claim is premised on the first six allegations set forth above (part of Count IV), it is **DISMISSED.**  Because leave to amend would be futile, the UDAP claim is **DISMISSED WITH PREJUDICE** in so far as it is based on the first six allegations above.

**B.    The Remaining Allegation On Which The UDAP Claim Is Based Contains Insufficient Detail To Satisfy Rule 8**

Plaintiff's remaining UDAP allegation is that Defendant attempted to deprive Plaintiff of his right to cancel the loan. This vague allegation contains insufficient factual detail to meet the pleading standard under Federal Rule of Civil Procedure 8. Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. 544).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Iqbal, 129 S.Ct. At 1949.

18

Plaintiff's allegation that Defendant attempted to deprive Plaintiff of his right to cancel the loan contains insufficient factual detail for the Court to infer that it is plausible. Plaintiff does not allege what acts Defendant committed to prevent Plaintiff from exercising his right to cancel the loan, when such acts were committed, or by whom.  Defendant's Motion to Dismiss the UDAP (part of Count IV) is **GRANTED.**  Plaintiff is given leave to file a second amended complaint to restate the UDAP claim, but only to the extent such claim is based on an allegation that Defendant attempted to deprive Plaintiff of his right to cancel the loan.

**Count V: Fraud**

Plaintiff claims Defendant ("and/or DOE Defendants") committed fraud by: (1) falsely representing the costs and risks of the loan; (2) stating Plaintiff's income on a loan application without verifying it with Plaintiff; and (3) falsely representing the nature of the documents Plaintiff was told to sign.  Plaintiff's fraud claim fails because it does not meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

When pled in federal court, state law based fraud claims must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). See, e.g., Kapahu v. BAC Home Loans Servicing, LP, 2010 WL 2734774, at *3 (D. Haw. 2010).[4]  Rule 9(b) requires a party

---

[4] Hawaii Rule of Civil Procedure 9(b) similarly requires averments of fraud to be plead with heightened particularity. See Giles v. Giles, 37 P.3d 589, 593 (Haw. Ct. App. 2001).

asserting a fraud claim to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotation marks omitted). A plaintiff "must state the time, place and specific content of the false representations as well as the identifies of the parties to the misrepresentation." <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1393 (9th Cir. 1988).

The allegations underlying Plaintiff's fraud claim are far too vague to satisfy Rule 9(b). Plaintiff does state what misrepresentations were made and when, or how they were false or misleading. Plaintiff does not even identify the Defendant who made the misrepresentations, alleging only that "Defendant and/or DOE Defendants" were responsible. Defendant's Motion to Dismiss the fraud claim (Count V) is **GRANTED.** Plaintiff is given leave to reassert the fraud claim with greater factual specificity in a second amended complaint.

**Counts VI and VII:  Civil Conspiracy; Aiding and Abetting**

Plaintiff claims Defendant engaged in a civil conspiracy to accomplish something unlawful, and aided and abetted others in wrongful acts injuring Plaintiff. Plaintiff's civil conspiracy and aiding and abetting claims are pled in a vague, conclusory manner, with no factual allegations in support.

As Defendant argues, these claims are not sufficiently pled under Federal Rule of Civil Procedure 8.  Civil Conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of liability that are derivative of other wrongs.  <u>See, e.g.</u>, <u>Weinberg v. Mauch</u>, 890 P.2d 277, 286 (Haw. 1995).  Plaintiff appears to premise these derivative claims on the fraud claim.  As discussed above, the First Amended Complaint fails to state a claim for fraud.  Defendant's Motion to Dismiss the civil conspiracy and aiding and abetting claims (Counts VI and VII) is **GRANTED.** Plaintiff is given leave to reassert these claims with greater detail in a second amended complaint.

**Count VIII: Injunctive Relief – Standing To Initiate Foreclosure**

Plaintiff seeks an injunction preventing Defendant from conducting a non-judicial foreclosure sale of the subject property.  Plaintiff alleges that Defendant is not the "real party in interest" because Defendant does not physically possess the promissory note, and therefore and has no "standing" to initiate a foreclosure sale.  (First Amended Complaint at ¶¶ 27, 89-90 (Doc. 18).)  Plaintiff cites no statute or other authority that would allow him to obtain an injunction on this ground.

Defendant argues that Plaintiff fails to state a cognizable claim for relief.  Defendant notes that standing is a requirement imposed on plaintiffs, and that injunctive relief is a remedy, not an independent cause of action.  Plaintiff offers no response to

these arguments.

Other than stating that a foreclosing party must be the "holder of the note," the First Amended Complaint does not explain why Defendant lacks standing to foreclose. Plaintiff appears to be presenting a variation of the "show me the note" argument, which is routinely rejected by the courts in other districts. See, e.g., Salazar v. Lehman Bros., 2010 WL 3998047, at *5 (D. Ariz. 2010).

Defendant's Motion to Dismiss the injunctive relief/lack of standing claim (Count VIII) is **GRANTED.** Because leave to amend would be futile, the claim for injunctive relief based on lack of standing **IS DISMISSED WITH PREJUDICE.**

**Count IX: Fraudulent Concealment**

The First Amended Complaint also includes a Count IX for "fraudulent concealment" in addition to the previous fraud claim. It appears that Plaintiff alleged fraudulent concealment only as a ground for tolling the statute of limitations on the TILA claims, rather than as an independent claim. Plaintiff does not dispute Defendant's argument that the First Amended Complaint fails to state an independent fraudulent concealment claim. To the extent the First Amended Complaint contains such a claim (Count IX), it is **DISMISSED WITH PREJUDICE.**

**CONCLUSION**

(1) Defendant's Motion to Dismiss the First Amended Complaint (Doc. 19) is **GRANTED** with leave to amend in part, as follows:

22

**Count I** (Truth in Lending Act):

The claim for recoupment is **DISMISSED WITH PREJUDICE.**

The claim for rescission is **DISMISSED WITH LEAVE TO AMEND.**

**Count II** (Truth in Lending Act):

The claim for damages based on Truth in Lending Act violations **IS DISMISSED WITH LEAVE TO AMEND.**

**Count III** (RESPA):

The claims under RESPA **ARE DISMISSED WITH PREJUDICE.**

**Count IV** (unfair and deceptive acts or practices):

The unfair and deceptive acts or practices claim is **DISMISSED WITH PREJUDICE** to the extent it is based on the first six allegations set forth in the First Amended Complaint (Doc. 18 at ¶ 60) and discussed in this Order. The claim is **DISMISSED WITH LEAVE TO AMEND** to the extent it is based on an allegation that Defendant attempted to deprive Plaintiff of his right to cancel the loan.

**Count V** (fraud):

The fraud claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count VI** (civil conspiracy):

The civil conspiracy claim is **DISMISSED WITH LEAVE TO AMEND.**

**Count VII** (aiding and abetting):

The aiding and abetting claim is **DISMISSED WITH LEAVE TO**

**AMEND**.

**Count VIII** (injunction/lack of standing):

The claim for an injunction preventing Defendant from attempting to foreclose based on lack of standing is **DISMISSED WITH  PREJUDICE.**

**Count IX** (fraudulent concealment):

The fraudulent concealment claim **IS DISMISSED WITH PREJUDICE.**

(2) Plaintiff shall have until November 30, 2010 to file a second amended complaint.  If Plaintiff fails to do so, the action shall be dismissed and the Clerk of the Court shall close this case without further direction from this Court.

IT IS SO ORDERED.

DATED: October 26, 2010, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

*Raymond Angel v. BAC Home Loans Servicing*; Civil No. 10-00240 HG-LEK; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 19).**

24