IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Raymond Angel, | ) | Civ. No. 10-00240 HG-BMK |
|     Plaintiff, | ) | |
| vs. | ) | |
| BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP, and DOES 1 through 20, | ) | |
|     Defendants. | ) | |

**ORDER GRANTING DEFENDANT BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On January 21, 2011, Plaintiff filed a five-count Second Amended Complaint asserting various claims in connection with a mortgage loan transaction. Defendant MOVES TO DISMISS the Second Amended Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Motion (Doc. 38) is **GRANTED**.

**PROCEDURAL HISTORY**

On August 5, 2010, Plaintiff filed a First Amended Complaint. (Doc. 18).

On August 23, 2010, Defendant BAC Home Loans Servicing, LP

1

filed a Motion To Dismiss the First Amended Complaint. (Doc. 19).

On October 19, 2010, a hearing on the Motion to Dismiss was held. (See Doc. 25).

On October 26, 2010, the Court issued an Order granting Defendant's Motion to Dismiss the First Amended Complaint, and granting Plaintiff partial leave to amend. (Doc. 28).

On November 30, 2010, Plaintiff filed a "Second Amended Complaint." (Doc. 30).

On December 21, 2010, the Court struck the "Second Amended Complaint" because it asserted new claims without the Court's leave. (Doc. 31).

On January 21, 2011, Plaintiff filed a new Second Amended Complaint. (Doc. 36).

On February 7, 2011, Defendant BAC Home Loans Servicing, LP filed a Motion to Dismiss. (Doc. 38).

On February 21, 2011, Plaintiff filed an Opposition. (Doc. 40).

On February 24, 2011, Defendant filed a Reply. (Doc. 41).

**BACKGROUND**

I.  **Stricken "Second Amended Complaint"**

Plaintiff's First Amended Complaint included claims under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and Hawaii state tort claims. On October 26, 2010, the Court

granted Defendant BAC Home Loans Servicing, LP's ("Defendant") Motion to Dismiss the First Amended Complaint, and allowed Plaintiff partial leave to amend to restate certain claims. (Order Granting Defendant BAC Home Loans Servicing's Motion To Dismiss First Amended Complaint (Doc. 28)).  The Court dismissed the following claims with prejudice:

> 1. Recoupment under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.
> 2. Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et sq*.
> 3. Unfair and Deceptive Acts or Practices under HRS §§ 480-2(a), 481A-3 (to the extent it is *not* based on an allegation that Defendant attempted to deprive Plaintiff of his right to cancel the loan)
> 4. Injunction/Lack of Standing to Foreclose
> 5. Fraudulent Concealment

The Court granted Plaintiff leave to amend to restate the following claims:

> 1. Rescission under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.
> 2. Damages under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.
> 3. Unfair and Deceptive Acts or Practices under HRS §§ 480-2(a), 481A-3 (to the extent it is based on an allegation that Defendant attempted to deprive Plaintiff of his right to cancel the loan)
> 4. Fraud
> 5. Civil Conspiracy
> 6. Aiding and Abetting

The Court Order plainly stated that if Plaintiff did not file a second amended complaint to restate the claims that were dismissed with leave to amend by November 30, 2010, the action would be dismissed with prejudice in its entirety, and the

Clerk of the Court would be directed to close the case.

On November 30, 2010, Plaintiff filed a "Second Amended Complaint." (Doc. 30). The "Second Amended Complaint" did not comply with the Court's October 26, 2010 Order. It reasserted claims under the Real Estate Settlement Procedures Act, which the Court dismissed with prejudice, and added new claims without first obtaining leave of the Court.

On December 21, 2010, the Court struck Plaintiff's "Second Amended Complaint" for failing to comply with the Court's October 26, 2010 Order. (Doc. 31). In the Order striking the "Second Amended Complaint," Plaintiff was reminded he had only been given leave to restate certain claims, rather than blanket leave to file a complaint with entirely new claims. In accordance with Federal Rule of Civil Procedure 15, Plaintiff was reminded that he must first obtain the Court's leave, or written consent from the opposing party, if he wished to assert new claims.

Despite Plaintiff's failure to comply with the Court's October 26, 2010 Order, the Court granted Plaintiff another opportunity to file a second amended complaint to restate the claims that Plaintiff had been given leave to amend. The Court warned that if Plaintiff did not file a second amended

complaint that "complies with the Court's October 26, 2010 Order" by January 24, 2011, the action would be dismissed and the Clerk of the Court would be directed to close the case.

On January 21, 2011, Plaintiff filed a new Second Amended Complaint. (Doc. 36). As in the previous version, Plaintiff's new Second Amended Complaint asserts new claims without first obtaining leave of the Court in accordance with Federal Rule of Civil Procedure 15. Plaintiff never requested, and was not given leave, to state the following claims:

1. Failure to Act in Good Faith
2. Mistake
3. Hawaii Bureau of Conveyance Regulations Violations
4. Hawaii Revised Statutes Chapter 667 Violations

The Second Amended Complaint is subject to being stricken for filing new claims without leave of the Court. Defendant BAC Home Loans Servicing, LP has moved to dismiss the Second Amended Complaint for failure to state a claim and has stated sound grounds for dismissal. The Court addresses the merits of Plaintiff's claims.

**II. Allegations in New Second Amended Complaint**

In the Second Amended Complaint, Plaintiff alleges that on March 26, 2008, he entered into a mortgage loan agreement with Countrywide Bank, FSB. (Doc. 36 at ¶¶ 6-7). Plaintiff does not explain the nature of the relationship between Countrywide Bank,

FSB, and Defendant BAC Home Loans Servicing, LP ("BAC Home Loans"). The caption on the Second Amended Complaint indicates that BAC Home Loans was formerly known as Countrywide Home Loans Servicing, LP. In paragraphs 6 to 16 of the Second Amended Complaint, in a section entitled "Statement of Facts," Plaintiff alleges wrongful conduct on the part of Countrywide Bank, FSB. (Id. at ¶¶ 6-16). Beginning in paragraph 17, however, Plaintiff alleges wrongful conduct on the part of BAC Home Loans Servicing, LP and/or DOE Defendants. (Id. at 17-31). It is not clear from the complaint whether Countrywide Bank, FSB and Defendant BAC Home Loans Servicing, LP are the same or distinct entities.

Plaintiff alleges that Countrywide Bank, FSB ("Countrywide") prepared a loan application for Plaintiff without ever discussing it with him, and falsely stated on the application that Plaintiff's income was $18,700 per month. (Second Amended Complaint at ¶ 8 (Doc. 36)). Plaintiff further alleges that Countrywide negligently or intentionally eased its underwriting criteria for Plaintiff, made the loan without regard to Plaintiff's ability to repay, and failed to inform Plaintiff that there was a likelihood that he would eventually default and lose his interest in the property. (Id. at ¶¶ 8-11). Plaintiff alleges that he was told to sign documents without being given an explanation of the nature of the documents, or time to read them. (Id. at ¶¶ 12).

Plaintiff alleges that Defendant BAC Home Loans intentionally

or recklessly failed to disclose information and documents to Plaintiff, and knowingly "kept Plaintiff in a loan he could not afford." (Id. at 19). Plaintiff does not identify the information or documents that Defendant failed to disclose. Plaintiff also alleges that Defendant BAC Home Loans is liable for the "Mortgage and Note violations of all its predecessors." (Id. at ¶ 25). Plaintiff does not identify the alleged predecessors or the relationship with any predecessors. On August 6, 2010, Plaintiff alleges, BAC Home Loans conducted a non-judicial foreclosure sale of the subject property. (Id. at ¶ 28).

**STANDARD OF REVIEW**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court may dismiss a complaint as a matter of law pursuant to Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept

7

as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**ANALYSIS**

In the Second Amended Complaint, Plaintiff asserts the following claims:

**Count 1:** Civil Conspiracy

**Count 2:** Failure to Act in Good Faith

**Count 3:** Mistake

**Count 4:** Hawaii Bureau of Conveyance Regulations Violations

**Count 5:** Hawaii Revised Statutes Chapter 667 Violations

The Court dismissed Plaintiff's First Amended Complaint, and granted Plaintiff leave to file an amended complaint to restate certain claims. Except for the civil conspiracy claim, however, all of the claims asserted in Plaintiff's Second Amended Complaint are entirely new. Plaintiff did not obtain the Court's leave, or Defendant's permission, to file an amended complaint with entirely new claims. As Defendant points out, the Second Amended Complaint

9

is subject to being stricken on that basis. (Motion to Dismiss at 3 (Doc. 38)). Because Defendant has moved to dismiss the Second Amended Complaint for failure to state a claim and has states sound grounds for dismissal, the Court addresses the merits of Plaintiff's claims.

**Counts 1 (Civil Conspiracy); 2 (Failure to Act in Good Faith); 3 (Mistake); 4 (Hawaii Bureau of Conveyance Regulations)**

Plaintiff does not oppose dismissal of Counts 1 through 4. (Opposition at 8 (Doc. 40)). Accordingly, Defendant's Motion to Dismiss Counts 1 through 4 is **GRANTED.** Plaintiff's claims for civil conspiracy, failure to act in good faith, mistake, and Hawaii Bureau of Conveyance Regulations violations, are **DISMISSED WITH PREJUDICE.**

**Count 5: Hawaii Revised Statutes Chapter 667 Violations**

In Count 5, Plaintiff alleges that Defendant conducted a non-judicial foreclosure sale of Plaintiff's home pursuant to Hawaii Revised Statutes ("HRS") § 667-5 through 667-10. Plaintiff claims Defendant purchased the home at the sale, but failed to make a down payment as required by HRS § 667-5.7. Because Defendant purchased the home through a credit bid rather by making a down payment, Plaintiff claims the sale is invalid. Defendant argues that this claim fails because HRS § 667-5.7 does not require a down payment.

HRS § 667-5 authorizes non-judicial foreclosures under power of sale clauses in mortgages. Lee v. HSBC Bank USA, 218 P.3d 775, 777 (Haw. 2009). HRS § 667-5.7 provides:

> At any public sale pursuant to section 667-5, the successful bidder at the public sale, as the purchaser, **shall not be required** to make a downpayment to the foreclosing mortgagee of more than ten per cent of the highest successful bid price.

(emphasis added). HRS § 667-5.7 sets a ceiling on the amount a bidder may be required to pay as a downpayment, but it does not impose a requirement that a downpayment be made or otherwise prohibit credit bids. See Rundgren v. Bank of New York, 2010 WL 4066878, at *5 (D. Haw. 2010) ("[N]othing in HRS § 667-5 . . . prevents a mortgagee from making a credit bid. . . . [N]othing in any provision of HRS Ch. 667 Part I, much less § 667-5, makes any reference to limiting a mortgagee's right to bid at the auction.").

Plaintiff argues that the plain language of HRS § 667-5.7 requires bidders to make a downpayment. Plaintiff is correct that a statute's plain meaning must be given effect:

> It is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.

T-Mobile USA, Inc. v. County of Hawaii Planning Com'n, 104 P.3d 930, 939 (Haw. 2005) (quoting State v. Mueller, 76 P.3d 943, 946 (Haw. 2003). The plain language of HRS § 667-5.7 does not require a successful bidder at a non-judicial foreclosure sale to make a

11

downpayment. Interpreted on its plain language, HRS § 667-5.7 simply prohibits a mortgagee conducting a non-judicial foreclosure sale from requiring bidders to make a downpayment of more than 10 percent. But HRS § 667-5.7 is silent as to whether a downpayment of any amount is required. See Gaspar v. Bank of America, N.A., 2010 WL 4226466, at *4 (D. Haw. 2010) ("[A]ccording to its plain language, § 667-5.7 provides that at the public sale, a mortgagee cannot require the successful bidder to pay more than a ten percent down payment.")

There is no requirement, on the plain language of HRS § 667-5.7, that a successful bidder at a non-judicial foreclosure sale pay a downpayment. The Court declines to read such a requirement into the statute. Plaintiff's claim based on HRS § 667-5.7 fails. Defendant's Motion to Dismiss the Hawaii Revised Statutes Chapter 667 claim is **GRANTED.** Because Plaintiff was already given an opportunity to amend the First Amended Complaint to state claims, and failed to do so, the claim under Hawaii Revised Statutes Chapter 667 is **DISMISSED WITH PREJUDICE.**

//
//
//
//
//
//

//

**CONCLUSION**

Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 38) is **GRANTED**. The Second Amended Complaint (Doc. 36) is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

March 30, 2011, Honolulu, Hawaii.



                                              /S/ Helen Gillmor

Helen Gillmor
United States District Judge

*Raymond Angel v. BAC Home Loans Servicing, LP*; Civil No. 10-00240 HG-BMK; **ORDER GRANTING DEFENDANT BAC Home Loans Servicing, LP's MOTION TO DISMISS SECOND AMENDED COMPLAINT (DOC. 38).**